IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., RPOST COMMUNICATIONS LIMITED, and RMAIL LIMITED,<br><br>     Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>     Defendant. | Civil Action No. 2:12-cv-513-JRG<br><br>Hon. Rodney Gilstrap |

## RPOST'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant Experian Information Solutions, Inc. ("EIS") is not the subject of mistaken identity.  Rather, it is the perpetrator of an unethical bait and switch.  Following the filing of the Complaint, EIS and its counsel engaged in five months of settlement discussions directly with RPost.  Not only did EIS' counsel represent that he had authority to settle this case as to the accused CheetahMail software ("CheetahMail"), but at no point did EIS' counsel inform RPost or RPost's counsel that EIS is not a proper party.  In fact, EIS sought and RPost agreed to voluntarily dismiss EIS' original co-defendant, Experian PLC ("PLC"), based on EIS' counsel and PLC's representation that PLC has no involvement with CheetahMail.  In fact, EIS submits a declaration from the same Experian employee—Robin Norris—who provided a proposed declaration to support PLC's request to dismiss it four months ago.  Thus, EIS and its counsel knew or should have known well before filing this motion that EIS was not a proper party.  But rather than dispute that EIS is the proper party, EIS' counsel misrepresented to RPost that he had the authority to settle this case.  Even assuming that EIS is not the proper party, which RPost disputes, EIS' actions hardly justify dismissing RPost's Complaint with prejudice.  If anything,

1

the Court should deny the motion and award RPost it costs for opposing this motion and for

conducting limited discovery on who is the proper party, after which RPost should be granted

leave to amend its Complaint.

## I.      FACTUAL BACKGROUND.

RPost filed its Complaint on August 24, 2012.[1]  The Complaint identifies CheetahMail as

the accused product.[2]  Shortly after filing and before serving the Complaint, Jake Finnell of

RPost sent an email to Ralph Sherman of Experian offering Experian the opportunity to license

RPost's patented technology.[3]  EIS' outside counsel, Scott Feldmann of Baker Hostetler,

contacted Mr. Finnell and requested background information in order to begin licensing

discussions.[4]  Mr. Finnell forwarded Mr. Feldmann's inquiry to Jerry Silver, who has primary

responsibility for handling such discussions for RPost.[5]  EIS and RPost entered into a non-

disclosure agreement for the settlement of this matter.[6]  But before beginning settlement

discussions, Mr. Feldmann requested that RPost voluntarily dismiss PLC in part because PLC

allegedly has no contacts with the Eastern District of Texas ("EDTX").[7]  Mr. Feldmann provided

a declaration of Robin Norris from another EDTX patent litigation against PLC as evidence that

PLC does not have the requisite contacts.[8]  Mr. Feldmann expressly stated that EIS would

engage in settlement discussions once the NDA was signed and RPost dismissed PLC:

> After the NDA is finalized and signed, and Experian plc dismissed,
> then *Experian Information Solutions, Inc. has agreed to begin*

---

[1] Dkt. No. 1.
[2] *Id.* at ¶¶ 5, 7, 19, 24, 29, and 34.
[3] *See* Declaration of Lewis E. Hudnell, III ("Hudnell Decl.") at Ex. 1.
[4] *Id.* at Ex. 2.
[5] *Id.*; *See* Declaration of Jerry B. Silver ("Silver Decl.") at ¶2.
[6] *Id.* at Ex. 3; Silver Decl. at ¶7.
[7] Silver Decl. at ¶5; Hudnell Decl. at Ex. 4.
[8] *Id.* at Ex. 4-5.

*discussing a comprehensive technology and patents licensing deal,*
*in the context of settlement.*[9] (emphasis added)

RPost agreed to voluntarily dismiss PLC if it provided and updated declaration stating that PLC

has no involvement with CheetahMail.[10]  At no point did Mr. Feldmann indicate that EIS also

has no involvement with CheetahMail.[11]  Instead, Mr. Feldman provided an updated Norris

declaration that PLC would used to support its proposed motion to dismiss.[12]  Based on that

declaration and Mr. Feldmann's representations, RPost dismissed PLC only.[13]

Following the dismissal, RPost arranged two demonstrations for EIS of RPost's patented

technology in the context of settlement discussions.[14]  Sean Condren, Associate Director,

Strategic Alliances at Experian Marketing Services, represented EIS in both of these meetings.[15]

But at no point during the parties' settlement discussions did EIS indicate that RPost should be

dealing with Experian Marketing Services and not EIS.[16]

Mr. Silver communicated settlement proposals to Mr. Feldmann on numerous

occasions.[17]  Notwithstanding, due the impending deadline to serve the Complaint, RPost

requested that EIS agree to a waiver of service.  Because of the ongoing settlement negotiations,

however, EIS requested that RPost not serve the Complaint and agreed to execute a waiver of

service if the parties did not reach a settlement by December 14, 2012.[18]  In a follow up email,

Mr. Feldmann confirmed that EIS was seriously considering RPost's settlement proposal but that

---

[9] *Id.* at Ex. 4.
[10] *Id.* at Ex. 6-7.
[11] *Id.* at ¶¶16.
[12] *Id.* at Ex. 6.
[13] Dkt. No. 4.
[14] Silver Decl. at ¶8; Hudnell Decl. at Exs. 9,13.
[15] *Id.*
[16] Silver Decl. at ¶14.
[17] Silver Decl. at ¶10; Hudnell Decl. at Ex. 8.
[18] *Id.* at Ex. 10.

the parties would unlikely be able to reach an agreement by December 14.[19]  As such, Mr.

Feldmann asked RPost's counsel to forward the waiver of service request to his colleague Jason

Glicksman.[20]  Mr. Glicksman returned an executed waiver for EIS,[21] which RPost subsequently

filed with the Court.[22]  The parties conducted a second demonstration early this year and as

recently as early February, Mr. Feldmann contacted Mr. Silver regarding an up-front settlement

amount.[23]

## II.    LEGAL STANDARD.

A Rule 12(b)(1) motion to dismiss challenges the subject matter jurisdiction of the

Court.[24]  The party asserting jurisdiction bears the burden of proving its existence.[25]  A case is

properly dismissed under Rule 12(b)(1) when the Court lacks the statutory or constitutional

power to adjudicate the case.[26]  In deciding a Rule 12(b)(1) motion, the Court may consider: "(1)

the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the

record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of

disputed facts."[27]

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.[28]  When

considering a Rule 12(b)(6) motion, courts must "liberally construe the complaint in favor of the

---

[19] *Id*. at Ex. 11.
[20] *Id.*
[21] *Id.* at Ex. 12.
[22] Dkt. No. 10.
[23] Silver Decl. at 11.
[24] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[25] *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).
[26] *Clean Coalition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998)).
[27] *Robinson v. TCI/US West Comm'cns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).
[28] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

4

plaintiff and accept all well-pleaded factual allegations as true."[29]   A complaint "does not need

detailed factual allegations," but the factual allegations must be enough to "raise a right to relief

above the speculative level . . . on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)."[30]   To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face."[31]   "[A] well-pleaded

complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is

improbable, and 'that a recovery is very remote and unlikely.'"[32]   As discussed below, the

Complaint meets this standard.  To the extent that it does not, under Fed. Civ. P. 15(a), RPost

must freely be granted leave to amend its complaint absent some justification for refusal.[33]

If on a Rule 12(b)(6) motion matters outside the pleadings are presented to and not

excluded by the Court, the motion must be treated as one for summary judgment under Rule

56.[34]  All parties must be given a reasonable opportunity to present all material that is pertinent

to the motion.[35]  As also discussed below, because RPost has not has this chance, EIS' motion

must be denied.

## III.    EIS' UNETHICAL CONDUCT WARRANTS DENYING ITS MOTION.

The Texas Disciplinary Rules of Professional Conduct, which are incorporated by Local

Rule AT-2(a) and apply to EIS' counsel by virtue their *pro hac vice* admission to this Court,

provide that "[i]n the course of representing a client a lawyer shall not knowingly: (a) make a

---

[29] *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011).
[30] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[31] *Id.* at 570.
[32] *Id.* at 556 (citation omitted).
[33] *Foman v. Davis*, 371 U.S. 178 (1962); *U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).
[34] Fed. R. Civ. P. 12(d).
[35] *Id.*

false statement of material fact or law to a third person.[36]  A lawyer violates paragraph (a) either

by making a false statement of law or material fact or by incorporating or affirming such a

statement made by another person.[37]  Similarly, American Bar Association ("ABA") Model Rule

of Professional Conduct 4.1 provides that a lawyer representing a client may not make a false

statement of material fact to a third person.[38]  ABA Formal Ethics Opinion 06-439 addresses this

rule in the context of a negotiation.[39]  Although the California Rules of Professional Conduct do

not address the ethics of negotiation behavior, at least one commentators notes that Opinion 06-

439 provides guidance for California attorneys, such as EIS' lead counsel.[40]  The Opinion notes

that the settlement authority given to a lawyer is a material fact and that a lawyer may not

misrepresent settlement authority that is non-existent.[41]

Here, if it is true that EIS has no involvement with CheetahMail, then EIS' counsel has

no authority to settle this suit regarding the accused infringement.  But until now, EIS' counsel

never once asserted that EIS was not a proper party or that he lack authority to settle this suit.[42]

At all times RPost understood EIS' counsel to be negotiating a settlement for EIS as to

CheetahMail.[43]  Because EIS' motion raises factual issues and reveals potential ethical

violations, its motion must be denied.

## IV.    RPOST CONDUCTED A REASONABLE AND DILIGENT INVESTIGATION.

EIS's claim that RPost failed to conduct a reasonable and diligent investigation of the

proper parties is baseless.  In preparing the Complaint, RPost reviewed the URL

---

[36] Tex. Disciplinary R. Prof. Conduct, Rule 4.01
[37] *Id.*
[38] Model Rules of Professional Conduct, Rule 4.1.
[39] ABA Formal Opinion 06-439, Apr. 12, 2006.
[40] http://www.lacba.org/showpage.cfm?pageid=8580
[41] ABA Formal Opinion 06-439, at p. 4.
[42] Silver Decl. at ¶¶15-16.
[43] *Id.* at ¶13.

www.cheetahmail.com, which redirects to the home page www.experian.com/cheetahmail/.[44]
On the left hand side of the page, there is a box that provides several hyperlinks to information
regarding Experian.[45]   RPost reviewed the "About" link, which directs to the page
http://www.experian.com/cheetahmail/about-us.html .[46]  On this page, it states that Experian
CheetahMail is "the trusted email service provider of Experian Marketing Services, a division of
Experian Group Ltd. (LSE:EXPN)."[47]   A Google search of the London Stock Exchange (LSE)
symbol EXPN produce results for Experian PLC—the party who RPost originally sued.[48]
Indeed, a Wikipedia search for "CheetahMail" redirects to a page for Experian PLC
(http://en.wikipedia.org/wiki/Cheetahmail ).[49]  RPost reviewed this page, which indicates that
PLC is listed on the London Stock Exchange and trades under the symbol EXPN.[50]  This page
also indicates that Experian, not Experian Marketing Solutions, Inc., acquired CheetahMail.[51]
As such, RPost had a reasonable basis for naming PLC in the Complaint.[52]

     In addition, the bottom of the CheetahMail home page lists Experian Information
Solutions, Inc. as the owner of the web page.[53]  The home page also references Experian
Marketing Services, however, it has no corporate abbreviation after its name.[54]  Thus , RPost
concluded that Experian Marketing Services was not an entity.[55]  Indeed, as noted above, the
About page says that Experian Marketing Services is merely a division of Experian Ltd., not a

---

[44] Hudnell Decl. at ¶19.
[45] *Id.* at ¶20.
[46] *Id.*
[47] *Id.* at ¶21.
[48] *Id.* at ¶22.
[49] *Id.* at ¶23.
[50] *Id.* at ¶24.
[51] *Id.* at ¶25.
[52] *Id.* at ¶29.
[53] *Id.* at ¶26.
[54] *Id.* at ¶27.
[55] *Id.*

separate company.  The home page also does not reference any association between Experian

Marketing Solutions, Inc.—entity that EIS claims acquired CheetahMail, Inc.—and

CheetahMail.  Accordingly, RPost reasonably believed that the only other entity responsible for

CheetahMail was EIS.[56]

EIS cannot now legitimately complain about the reasonableness of RPost's investigation

and seek dismissal with prejudice when it engaged in five months of settlement negotiations with

RPost and never once indicated that EIS was the wrong party.[57]  EIS' counsel repeatedly

represented that it had authority to settle this suit as to CheetahMail.[58]  If EIS is not the proper

party, then EIS should have sought a voluntary dismissal like PLC did.  Indeed, EIS relies on the

same declarant—Robin Norris—as PLC to support its motion.  EIS knew or should have known

months ago that it was not a party and cannot now pin its lack of diligence on RPost.

## V.    EIS HAS NOT SHOWN GROUNDS FOR DISMISSAL UNDER RULE 12(B)(1).

EIS's Rule 12(b)(1) motion is both factually and legally flawed.  EIS relies exclusively of

the Declaration of Mark Barrios to support its assertion that it does not make, use sell, offer for

sale, or import any product, CheetahMail or otherwise, accused of infringing the patents and that

it has no involvement in such products.[59]  A declaration used to support a motion must be based

on personal knowledge, not information and belief, and must set out facts that would be

admissible as evidence. [60]  But each paragraph of the Barrios Declaration that EIS cites in its

motion—paragraphs 3-7—is based information and belief, not personal knowledge.[61]  Paragraph

---

[56] *Id.* at ¶28.
[57] *Id.* at ¶29.
[58] Silver Decl. at ¶15.
[59] *Id.* at ¶16.
[60] Fed. R. Cir. Pr. 56(c)(4).
[61] Dkt. No. 13-1 at ¶¶3-7 (stating "I am informed and believe").

11 is also based on information and belief and is likewise deficient.[62]  Thus, Experian has failed

to provide the Court with sufficient evidence to grant dismissal under Rule 12(b)(1).

The Declaration of Robin Norris is also deficient.  Not only does EIS not rely on the

Norris declaration to support its lack of standing argument but the Norris Declaration merely

outlines the corporate structure of CheetahMail, Inc., Experian Marketing Solutions, Inc., and

Experian Information Solution, Inc.  It does not state that CheetahMail. Inc. was responsible for

CheetahMail, that EMS is now responsible for CheetahMail by virtue of its acquisition of

CheetahMail, Inc., or that EIS is not responsible for CheetahMail.  In fact, like the CheetahMail

website, the Norris Declaration contains no information that links CheetahMail to any entity

other than EIS.  Moreover, EIS' counsel representation that he had authority to settle this suit as

to CheetahMail undermines EIS' newfound allegations.

Finally, the *Automated Facilities Management Corp.* case cited by EIS is inapposite.

That case dealt with a motion for insufficient service and plaintiffs offered no evidence that they

had served the right party.  Here, EIS engaged is extensive settlement discussions with RPost and

accepted a request for waiver of service after RPost voluntarily dismissed PLC.  Thus, RPost has

ample evidence it served the right party because EIS held itself out as such.

## VI.     EIS CANNOT INTRODUCE FACTS OUTSIDE COMPLAINT.

EIS's motion to dismiss under FRCP 12(b)(6) is procedurally flawed and should be

denied.  A motion to dismiss for failure to state a claim admits the facts alleged in the complaint

but challenges the plaintiff's right to any relief based on those facts.[63]  Such a motion cannot be

used to resolve factual issues or the merits of the case.[64]  Here, EIS improperly tries to use its

---

[62] *Id.* at ¶11 (stating "I am informed and believe").
[63] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995).
[64] *See Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

9

Rule 12(b)(6) motion to resolve the identities of the proper party to this suit. Indeed, EIS introduces the Barrios and Norris declarations in order to support its contention that EIS is not the proper party. Both of these declarations introduce facts that are outside the Complaint. Because the Court's inquiry is limited to the facts stated in the Complaint, the Court cannot consider this extrinsic evidence in deciding EIS' Rule 12(b)(6) motion.

If the Court does consider this extrinsic evidence, then EIS' motion must be treated as a motion for summary judgment under Rule 56.[65] But before a Rule 12(b)(6) motion may be converted to a Rule 56 motion, a court must be satisfied that the nonmoving party "has . . . had the opportunity to discover information that is essential to [its] opposition."[66] Here, RPost has not had that opportunity. EIS has not answered the Complaint, the parties have not exchanged initial disclosures, and the parties have not taken any discovery. Indeed, at a minimum, RPost would want to depose Messrs. Barrios and Norris their respective declarations and why EIS did not disclose these facts sooner. Without this discovery, it would be inappropriate for the Court to dismiss this case.[67] As such, EIS' 12(b)(6) motion must also be denied.

## VII. RPOST CAN AMEND AS A MATTER OF RIGHT.

EIS mistakenly believes that RPost cannot amend its complaint and that any amendment would be futile. FRCP 15(a) permits RPost to amend its Complaint once as a matter of right after EIS serves its responsive pleading or with leave of Court, which must be freely granted.[68] Given EIS' misrepresentations, RPost should be granted limited discovery to determine the identity of the party responsible for CheetahMail and leave to amend its Complaint accordingly.

---

[65] Fed. R. Civ. P. 12(d).
[66] *Hickerson v. Valued Life Org., Inc.*, 2011 U.S. Dist. LEXIS 29880, at *7 (S.D. Tex. Mar. 22, 2011)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)); *see also McDade v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 118219, at *7 (S.D. Tex. Oct. 13, 2011).
[67] *Hickerson*, 2011 U.S. Dist. LEXIS 29880, at *7.
[68] Fed. R. Civ. P. 15(a).

## VIII.   THE COURT SHOULD GRANT RPOST ITS COSTS AND ATTORNEY'S FEES.

EIS' motion wastes this Court's time and resources.  EIS could have sought dismissal without a motion just as PLC did.  Instead, EIS sought to settle this case without appropriate settlement authority and only filed this motion to meet the responsive pleading deadline. Accordingly, RPost should be reimbursed for its costs and attorney's fees necessary to respond to this motion and to conduct the limited discovery necessary to determine which Experian entity is the proper party.

## IX.   CONCLUSION.

For the foregoing reasons, RPost respectfully requests that the Court deny EIS' Motion to Dismiss.  To the extent that the Court considers the evidence submitted by EIS, RPost requests limited discovery to test this evidence and to determine why it was not presented sooner.

Respectfully Submitted,

Dated:  March 4, 2013

/s/ Lewis E. Hudnell, III
Winston O. Huff (State Bar No. 24068745)
Deborah Jagai (State Bar No. 24048571)
W.O. Huff & Associates
302 N. Market, Suite 450
Dallas, Texas 75202
214.749.1220(Firm)
469.206.2173 (Fax)
whuff@huffip.com
djagai@huffip.com

Lewis E. Hudnell, III
Colvin Hudnell LLP
375 Park Avenue Suite 2607
New York, New York 10152
Tel: 347.855.4772
Fax: 347.772.3034
lewis@colvinhudnell.com

ATTORNEYS FOR PLAINTIFFS

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 4, 2013, I electronically filed Plaintiffs' Opposition to Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system.  As such, this document was served on all who have consented to electronic service.  Local Rule CV-5(a)(3)(A).


<u>/s/ Lewis E. Hudnell, III</u>