IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC. and RPOST COMMUNICATIONS LIMITED,<br><br>  Plaintiffs,<br><br>v.<br><br>EXPERIAN MARKETING SOLUTIONS, INC.<br><br>  Defendants. | Civil Action No. 2:12-cv-513-JRG<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiffs RPost Holdings, Inc. and RPost Communications Limited (collectively "RPost") filed its Original Complaint on August 24, 2012 against Experian PLC and Experian Information Solutions, Inc. On October 4, 2012, the parties stipulated to the dismissal of Experian PLC. (Dkt. No. 4) As per the Joint Stipulation between RPost and Experian Information Solutions, Inc., RPost files this First Amended Complaint to name Experian Marketing Solutions, Inc. as Defendant. In this First Amended Complaint against Defendant Experian Marketing Solutions, Inc., Plaintiffs allege, based on their own knowledge with respect to their own actions and based on information and belief with respect to all other actions, as follows:

## NATURE OF THE ACTION

1. This action for willful patent infringement arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq.

## PARTIES

2. Plaintiff RPost Communications Limited ("RPC") is a corporation organized under the laws of the Nation of Bermuda. RPC is the owner of United States Patent No.

8,161,104 ("the '104 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." RPC is also the owner of United States Patent No. 8,209,389 ("the '389 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." RPC is also the owner of United States Patent No. 8,224,913 ("the '913 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." The '104, '389, and '913 patents were duly and legally issued by the United States Patent and Trademark Office on April 17, 2012; June 26, 2012; and July 17, 2012 respectively, after full and fair examination. The '104, '389, and '913 patents are valid and enforceable. True and correct copies of the '104, '389, and '913 patents are attached as Exhibits A, B, and C respectively.

3. Plaintiff RPost Holdings, Inc. ("RPH") is a corporation organized under the laws of the State of Delaware having a place of business at 555 Republic Drive #200 Plano, Texas 75074. It is an exclusive licensee from RPC of the '104, '389, and '913 patents.

4. On information and belief, Defendant Experian Marketing Solutions, Inc. is a Delaware corporation having a principal place of business at 955 American Lane, Schaumburg, IL, 60173. Through its subsidiaries and/or business units, Experian Marketing Solutions provides technologies that allow users to track, report, and analyze data regarding electronic messages, including but not limited to Experian's CheetahMail electronic mail marketing services. Experian Marketing Solutions has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

5. On information and belief, Experian Marketing Solutions is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in

this state or a designated agent for service of process in this state.  On information and belief, Experian Marketing Solutions resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Experian Marketing Solutions has appointed CT Corporation System, 208 South Lasalle Street Suite 814, Chicago, Illinois 60604 as its agent for service of process.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (patent infringement).

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2), (c), (d) and/or 1400(b).  On information and belief, Defendant conducts business in this district, the claims alleged in this Complaint arise in this district, and the acts of infringement have taken place and are continuing to take place in this district.

8. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has minimum contacts within the State of Texas and the Eastern District of Texas, including via the website www.experian.com/cheetahmail, under due process and/or the Texas Long Arm Statute, Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Plaintiffs' causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

9. More specifically, Defendant directly and/or through intermediaries makes, offers for sale, sells, and/or advertises (including the provision of an interactive website) products and services in the United States, the State of Texas, and the Eastern District of Texas.  On information and belief, Defendant has committed acts of infringement in the State of Texas and

in the Eastern District of Texas. Defendant solicits customers in the State of Texas and in the Eastern District of Texas. On information and belief, Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who use Defendant's products and services in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,224,913

10. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

11. On information and belief, Defendant has been and now is infringing the '913 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Experian's CheetahMail electronic mail marketing services. Defendant is thus liable for infringement of the '913 patent under 35 U.S.C. § 271.

12. On information and belief, Defendant's infringement of the '913 patent has been and/or is willful.

13. As a result of Defendant's infringement of the '913 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

14. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendant from infringing the '913 patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,209,389

15. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

16. On information and belief, Defendant has been and now is infringing the '389 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Experian's CheetahMail electronic mail marketing services. Defendant is thus liable for infringement of the '389 patent under 35 U.S.C. § 271.

17. On information and belief, Defendant's infringement of the '389 patent has been and/or is willful.

18. As a result of Defendant's infringement of the '389 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

19. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendant from infringing the '389 patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,161,104

20. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

21. On information and belief, Defendant has been and now is infringing the '104 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Experian's

CheetahMail electronic mail marketing services. Defendant is thus liable for infringement of the '104 patent under 35 U.S.C. § 271.

22. On information and belief, Defendant's infringement of the '104 patent has been and/or is willful.

23. As a result of Defendant's infringement of the '104 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities is enjoined by this Court.

24. Unless a permanent injunction is issued enjoining Defendant's and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendant's from infringing the '104 patent, Plaintiffs will be greatly and irreparably harmed.

25.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1. A judgment in favor of Plaintiffs that Defendant has infringed the '104, '389, and '913 patents, and that such infringement has been and is willful;

2. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert with Defendant from infringing the '104, '389, and '913;

3. A judgment and order requiring Defendant to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '104, '389, and '913 patents as provided under 35 U.S.C. § 284;

4. An award to Plaintiffs for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs its reasonable attorneys' fees; and

6. Any and all other relief that the Court or the jury may deem proper and just.

**DEMAND FOR JURY TRIAL**

Plaintiffs, RPost Holdings, Inc. and RPost Communications Limitedunder Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully Submitted,

Dated:  August 30, 2013    By: /s/ Lewis E. Hudnell, III
Winston O. Huff
State Bar No. 24068745
Deborah Jagai
State Bar No. 24048571
W.O. Huff & Associates, PLLC
302 N. Market Street, Suite 450
Dallas, Texas 75202
214.749.1220 (Firm)
469.206.2173 (Fax)
whuff@huffip.com
djagai@huffip.com

Lewis E. Hudnell, III
Colvin Hudnell LLP
375 Park Avenue Suite 2607
New York, New York 10152
Tel: 347.855.4772
Fax: 347.772.3034
lewis@colvinhudnell.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF FILING**

      I certify that on August 30, 2013, I electronically filed the foregoing Original Complaint with the Clerk of the Court using the CM/ECF system.

                                        /s/  Lewis E. Hudnell, III